## NETWORK SOLUTIONS, INC., Plaintiffs,

v.

## CLUE COMPUTING, INC., and Hasbro, Inc., Defendants.

### Civil Action No. 96–D–1530.

United States District Court,
D. Colorado.

Oct. 29, 1996.

Kenneth W. Lund, Holme, Roberts, & Owen, L.L.P., Denver, CO, Phillip L. Sbarbaro, Hanson & Molloy, Washington, DC, for Plaintiff.

James E. Hartley, Holland & Hart, Denver, CO, Philip L. Dubois, Boulder, CO, for Defendants.

## ORDER OF DISMISSAL

DANIEL, District Judge.

This 28 U.S.C. § 1335 statutory interpleader matter is before the Court on Defendant Clue Computing, Inc.'s ("CCI") Motion to Dismiss, filed July 22, 1995 and Defendant Hasbro, Inc.'s ("Hasbro") Conditional Motion to Dismiss, filed July 29, 1996. Plaintiff Network Solutions, Inc. ("Network") filed responses to both of these motions on August 8, 1996 and August 14, 1996 respectively. CCI filed a reply on August 16, 1996 and Hasbro file a reply on August 21, 1996. Having reviewed the briefs of the parties and the relevant legal authority, I conclude that I must grant the motions of Defendants, dismissing this case for the reasons stated herein.

Plaintiff is a management company operating under a cooperative agreement with the National Science Foundation to administer the registration of Internet domain names. A controversy has arisen between CCI—who holds the domain name registration "CLUE.COM" managed by Plaintiff—and Defendant Hasbro who claims that CLUE.COM infringes on a registered trademark name that Hasbro has held since the 1950's. On February 1, 1996 Plaintiff informed Defendant CCI that its use of CLUE.COM may infringe on Defendant Hasbro's trademark, and required

CCI to produce a trademark certification or accept the assignment of a new domain name. In response, on June 13, 1996, CCI initiated a lawsuit in Boulder County District Court against Network for, *inter alia,* breach of contract and seeking a temporary restraining order and preliminary injunction to prohibit Network from placing on hold the use of the domain CLUE.COM.[1] Thereafter, Network initiated the present 28 U.S.C. § 1335 statutory interpleader proceeding in this Court, claiming that it is "an impartial and unbiased stakeholder, has no interest in the property in dispute and is prepared to assign registration and use of the "CLUE. COM" domain name as determined by the Court." (Complaint for Interpleader, filed June 21, 1996).

■ In order for a federal court to exercise jurisdiction pursuant to 28 U.S.C. § 1335, a plaintiff must establish three prerequisites: 1) that plaintiff has in its custody or possession money or property valued at $500 or more; 2) that two or more adverse claimants of diverse citizenship claim rights to the money or property; and 3) that "the plaintiff has deposited such money or property or has paid the amount of the loan or other value of such instrument into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper. . . ." All the parties to this case agree that Plaintiff has established the first two of the foregoing requirements. The adverse Defendants, however, argue that Plaintiff has not met the third requirement of depositing the domain name into the registry of this Court as is required by the statute.

■ The requirement that the plaintiff deposit the *res* in controversy into the Court's registry is to assure the safety of the disputed property and to facilitate the Court's final judgment. The Plaintiff has argued that it has met its requirement by acknowledging that it will maintain the status quo and, ultimately, follow this Court's determination of rights with regard to domain name. (Affidavit of David M. Graves, Exhibit F of Plaintiff's Complaint). The statute, however, requires more. In *General Atomic Co. v. Duke Power Co.,* 553 F.2d 53, 56–57 (10th Cir.1977), the Tenth Circuit held that because the property at issue was not in the hands of the interpleading plaintiff, "[t]he essential aspect . . . that the *res* be under the control of the person bringing the lawsuit, so as to be deliverable to the registry of the court" has not been met. In the case at bar, Plaintiff has allowed—and pursuant to the preliminary injunction issued by the Boulder County Court must allow—CCI to continue to use the domain name CLUE.COM. (*See* Plaintiff's Opposition to Hasbro's Conditional Motion to Dismiss, at p. 4, filed August 14, 1996). Because CCI is allowed continuing use of the domain name, I find that Plaintiff cannot deliver CLUE.COM to this Court and cannot adequately safeguard CLUE.COM as to allow this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1335. Plaintiff's failure to meet the third threshold requirement means that this Court lacks subject matter jurisdiction to adjudicate Plaintiff's interpleader action.

I want to make clear, however, that under some circumstances a determination of rights to intangibles, such as domain names, could be decided in an interpleader action. For example, if Plaintiff had been able to suspend use of the CLUE.COM name, and promised this Court that its use would remain suspended during the pendency of the interpleader action, I would have been satisfied that Plaintiff had effectively deposited the domain name into the Court's registry. However, because the Boulder County District Court issued an injunction preventing Plaintiff from suspending the CLUE.COM name, and because as a matter of comity I will not request that the Boulder County District Court vacate its preliminary injunction, Plaintiff cannot successfully deposit the domain name with the Court.

■ Additionally, even if the Plaintiff had successfully deposited the domain name in this Court's registry, I would still be compelled to dismiss this interpleader action.

---

**1.** On June 25, 1996 the Boulder County District Court enjoined Network from making any change to the registration and use of the CLUE. COM domain name.

The "typical plaintiff in an interpleader is an innocent stakeholder who is subject to competing claims. It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader." *Farmers Irrigating Ditch & Reservoir Co. v. Kane,* 845 F.2d 229 (10th Cir. 1988). In the present case, Plaintiff is not merely a disinterested stakeholder praying the Court to resolve a dispute between adverse parties. Instead, Plaintiff is being sued in an, *inter alia,* breach of contract proceeding in Boulder County District Court. Thus, the CLUE.COM dispute is not merely between CCI and Hasbro, rather the dispute implicates the duties flowing from the agreement between CCI and Network. Therefore, I will not allow Network to use an interpleader action to invoke the equitable jurisdiction of this Court in order to escape adjudication of its contractual duties, and possible liability, in the state court action.

Accordingly, it is hereby

ORDERED that both Defendants CCI's and Hasbro's Motions to Dismiss are GRANTED and this case is dismissed. It is

FURTHER ORDERED that the parties bear their own costs and attorneys' fees in this proceeding.